Subject to Court approval pursuant to Rule 23 of the Fed. R. Civ. P., Plaintiffs Danielle Harper, Franca Armstrong, and Mandy Islam ("Plaintiffs") and Defendant Bestway USA, Inc. ("Defendant") (collectively, the "Parties"), by and through their counsel, enter into this Settlement Agreement ("Agreement"), providing for a class settlement of all claims that were and could have been asserted in the Actions described below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court in the Amstrong Action (the "Settlement").

## I.    RECITALS

WHEREAS, Plaintiff Danielle Harper filed a putative class action against Defendant on September 27, 2024, entitled *Danielle Harper v. Bestway USA, Inc.,* Civil Action No. 2:24-cv-05193, in the United States District Court for the Eastern District of Pennsylvania (the "Harper Action"), asserting claims arising from an alleged defect in Bestway AirJet and HydroJet Spa Pumps;

WHEREAS, Plaintiffs Franca Armstrong and Mandy Islam filed a putative class action against Defendant on October 17, 2024, entitled *Franca Armstrong and Mandy Islam v. Bestway (USA) Inc.*, Civil Action No. 2:24-cv-02812-DMF in the United States District Court of the District of Arizona (the "Armstrong Action")  asserting claims arising from an alleged defect in Bestway AirJet and HydroJet Spa Pumps;

WHEREAS, on April 7, 2025, Plaintiffs filed an amended complaint in the Armstrong Action, adding the claims asserted by Danielle Parker and adding her as a party;

WHEREAS, Defendant denies Plaintiffs' allegations and claims in the Actions, and maintains that no applicable warranties were breached, no applicable statutes, laws, rules or regulations were violated, and that no wrongdoing occurred with respect to the design, manufacture, testing, inspection, distribution, marketing, advertising, warranting, sale, servicing, or recall of the subject spay pumps;

WHEREAS, the Parties, following certain pretrial proceedings, discovery, investigation and careful analysis of their respective claims and defenses, and with full understanding of the

risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Actions by or on behalf of Plaintiffs and putative class members, based upon the terms set forth in this Settlement Agreement;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the negotiations leading up to the Settlement Agreement, shall constitute or, in any way, be construed as any admission of liability or wrongdoing on the part of Defendant or any Released Party, which is expressly denied; and

WHEREAS, this Settlement Agreement is the result of vigorous arm's length negotiations between the Parties of highly disputed claims, including negotiations with the assistance of  Hon. James L Warren (Ret.) JAMS, and the Parties maintain that the Settlement is fair, reasonable and adequate, and satisfies the requirements for a class settlement under Fed. R. Civ. P. 23;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## II.    <u>DEFINITIONS</u>

A.    **"Harper Action"** means Danielle Harper v. Bestway USA, Inc., Civil Action No. 2:24-cv-05193, in the United States District Court for the Eastern District of Pennsylvania.

B.    **"Armstrong Action"** means *Franca Armstrong et al.  v. Bestway (USA) Inc.*, Civile Action No. 2:24-cv-02812-DMF in the United States District Court of the District of Arizona.

C.    **"Actions"** means the Harper Action and Armstrong Action.

D.    **"Agreement" or "Settlement Agreement"** means this document and its exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

E.    **"Attorneys' Fees and Expenses"** means such funds as may be awarded by the Court to Plaintiffs' Counsel to compensate Plaintiffs' Counsel for their fees and expenses in connection with the Actions and the Settlement, as described more particularly below.

F.    **"Authorized Claimant"** means a member of the Class who timely submits a Valid Claim in accordance with the terms of this Agreement.

G.    **"Claim Deadline"** means the final time and date by which a valid Claim Form must be postmarked or received by the Settlement Administrator for a Class Member to be eligible for any of the settlement consideration contemplated in this Agreement. The Claim Deadline shall be clearly set forth in the Court orders granting preliminary and final approval of the Settlement, the Long Form Notice and Summary Notice, on the Settlement Website, and on the front page of the Claim Form.

H.    **"Claim Form"** means the proof of claim and release form(s), substantially in the form attached hereto as Exhibit C, the format of which may be modified to meet the requirements of the Settlement Administrator, to be submitted by Class Members seeking to recover settlement consideration pursuant to this Agreement.

I.    **"Class"** means all people who purchased a Class Product during the Class Period. Excluded from the Class are: (a) Defendant and its employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors and assigns; (b) the judges to whom the Actions have been or is assigned and any members of their immediate families; and (c) all persons who have filed a timely Request for Exclusion from the Class.

J.    **"Class Counsel"** means Poulin Willey Anastopoulo, LLC and Smith Krivoshey, PC.

K.    **"Claim Deadline"** means the final time and date by which a valid Claim Form must be postmarked or received by the Settlement Administrator for a Class Member to be eligible for any of the cash payment consideration contemplated in this Agreement.

L.    **"Class Member(s)"** means any member of the Class.

**M.**    **"Class Notice"** means the forms and methods of notice to be provided to the Class as provided herein and directed by the Court, to be facilitated by the Settlement Administrator.

**N.**    **"Class Period"** means the period from May 2021 through May 2024.

**O.**    **"Class Product(s)"** means any Bestway AirJet and HydroJet Spa Pump model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, and P07572. "Bestway" and the model number are printed on the label on the side or back of the spa pump.

**P.**    **"Court"** means the United States District Court for the District of Arizona and all judges assigned to the Armstrong Action.

**Q.**    **"Defendant"** means Bestway USA, Inc. and without limitation all related entities, including but not limited to parents, subsidiaries, agents, employees and assigns, predecessors, successors and affiliates of Defendant and their related entities and owners.

**R.**    **"Defense Counsel"** means the law firm of Norton Rose Fulbright US LLP.

**S.**    **"Effective Date"** means the first business day on which the Final Approval Order is entered, is no longer subject to review by any higher court, and has not been reversed.

**T.**    **"Final Fairness Hearing"** means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) determining the fairness, adequacy and reasonableness of the Agreement in accordance with applicable jurisprudence; (b) if the Court so decides, entering the Final Order and Final Judgment and dismissing the Armstrong Action with prejudice; (c) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses and Plaintiffs' incentive awards. The Parties shall request that the Court schedule the Final Fairness Hearing for a date that complies with 28 U.S.C. § 1715(d).

**U.**    **"Final Order and Final Judgment"** means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.

**V.**    **"Long Form Notice"** means the long form notice of settlement, substantially in the form attached hereto as Exhibit D.

**W.**    **"Notice Date"** means the first date upon which the Class Notice is disseminated.

**X.** **"Objection Deadline"** means the date, to be set by the Court, by which Class Members must file objections, if any, to the Agreement in accordance with this Agreement. The Parties shall request that the Court set an Objection Deadline coinciding with the Opt Out Date.

**Y.** **"Opt-Out Date"** means the date, to be set by the Court, by which a Request For Exclusion must be sent to Settlement Administrator for a Class Member to be excluded from the Settlement Class. The Parties shall request that the Court set an Opt Out Date coinciding with the Objection Deadline.

**Z.** **"Parties"** means Plaintiffs and Defendant, as each of those terms are defined in this Agreement.

**AA.** **"Plaintiff(s)"** means Danielle Harper, Franca Armstrong, and Mandy Islam.

**BB.** **"Preliminary Approval Order"** means the order, substantially in the form attached hereto as Exhibit B, conditionally certifying, for settlement purposes only, the Class; appointing Plaintiffs' Counsel as counsel for the Class; setting the date of the Final Fairness Hearing; preliminarily approving this Agreement; approving the Class Notice program and Claim Form; and setting dates for the Claim Deadline, Opt Out Date, Objection Deadline, and Notice Date.

**CC.** **"Proof of Purchase"** means (i) store receipts, records of purchases from Defendant or one of Defendant's retailers (e.g., confirmatory emails, internet order confirmation pages, etc.) identifying a Bestway AirJet and HydroJet Spa Pump , and (ii) photographic evidence that the consumer's product is a Class Product.

**DD.** **"Released Claims"** means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, whether known or unknown, foreseen or unforeseen, regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Class Members (including their successors, heirs, assigns and representatives) which in any way relate to the failure or propensity for failure of the Class Products, including but not limited to all matters that were or could have been asserted in the Action, and all claims, causes of

action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation, under any federal, state or local consumer protection, consumer fraud, unfair business practices or deceptive trade practices statutes or laws, under common law, and under any legal or equitable theories whatsoever including tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express and/or implied warranty, and any federal, state or local derivations thereof, and/or any other theory of liability and/or recovery, whether in law or in equity, and for any and all injuries, losses, damages, remedies, recoveries or entitlements of any kind, nature and description, in law or in equity, under statutory and/or common law, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, and any other legal or equitable relief relating to matters that were or could have been asserted in the Action. This Settlement Agreement expressly exempts claims for personal injuries and property damage (other than damage to the Class Product).

EE.    **"Released Parties"** means Bestway USA, Inc., all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Class Products and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

FF.    **"Releasing Parties"** means Plaintiffs and all Class Members, and any person claiming by or through each Class Member, including but not limited to spouses, children, wards, heirs, devisees, legatees, invitees, employees, associates, co-owners, attorneys, agents,

administrators, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, or affiliates.

**GG.** **"Request For Exclusion"** means the written communication that must be sent to the Settlement Administrator and postmarked on or before the Opt-Out Date by a Class Member who wishes to be excluded from the Class.

**HH.** **"Settlement"** means the settlement embodied in this Agreement, including all attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference).

**II.** **"Settlement Administrator"** means Simpluris, who has been selected, and which Defendant will pay for, to provide Class Notice, administer the Settlement and claims process, including the processing, reviewing, and approving of claims made by Claimants, communicating with Claimants, and distributing payments to qualified Claimants.

**JJ.** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator assisting with the implementation of this Agreement, which shall primarily result from administering the notice program and processing all claims made by Class Members.

**KK.** **"Spa Pump Recall"** means the safety recall of Class Products that Defendant commenced in or around September 2024 in cooperation with the U.S. Consumer Product Safety Commission, as described at https://tinyurl.com/3yrcp8nn. The Spa Pump Recall will continue after the Claim Deadline, pursuant to the terms of Bestway's Corrective Action Plan as approved by the CPSC.

**LL.** **"Summary Notice"** means the summary notice of the proposed Settlement, substantially in the form attached hereto as Exhibit E.

## III.    SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

**A.**    As soon as is practicable following the signing of this Agreement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit B), for the purpose of, among other things:

1.    Approving the Class Notice, including the Long Form Notice and Summary Notice, substantially in the form set forth at Exhibits D and E;

2.    Finding that the requirements for preliminary certification of the Class have been satisfied, appointing Plaintiffs as the representatives of the Class and their counsel as Class Counsel, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Agreement;

3.    Scheduling the Final Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Final Judgment should be entered dismissing the Action with prejudice;

4.    Determining that the notice of the Settlement and of the Final Fairness Hearing, as set forth in this Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

5.    Preliminarily approving the form of the Final Order and Final Judgment;

6.    Appointing Simpluris as the Settlement Administrator;

7.    Directing that Class Notice shall be given to the Class as provided in this Agreement.

8.    Providing that Class Members will have until the Claim Deadline to submit Claim Forms;

9.    Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Agreement, and/or the entry of the Final Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, on or before the Objection Deadline set by the Court, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in this Agreement;

10.   Establishing dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

11.   Providing that all Class Members will be bound by the Final Order and Final Judgment dismissing the Action with prejudice unless such members of the Class timely file valid written Requests for Exclusion in accordance with this Agreement and the Class Notice;

12.   Providing that Class Members wishing to exclude themselves from the Settlement will have until the Opt Out Date to submit a valid written Request for Exclusion to the Settlement Administrator, in accordance with the procedures set forth in this Agreement;

13.   Directing the Parties, pursuant to the terms and conditions of this Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

14.   Pending the Final Fairness Hearing, staying all proceedings in the Armstrong Action, other than proceedings necessary to carry out or enforce

the terms and conditions of this Agreement and the Preliminary Approval Order; and

15.     Pending the Final Fairness Hearing, enjoining Plaintiffs and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any Released Claims.

**B.**     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner directed and approved by the Court, as set forth in this Agreement.

**C.**     At the Final Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the form substantially similar to Exhibit A, respectively. The Final Order and Final Judgment shall, among other things:

1.     Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

2.     Finally approve the Agreement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.     Certify the Class for settlement purposes only;

4.     Find that the notice to the Class complied with all laws and requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

5.     Incorporate and effectuate the release set forth in the Agreement and make the Release effective as of the date of the Final Order and Final Judgment; Authorize the Parties to implement the terms of the Settlement;

6.     Dismiss the Armstrong Action with prejudice; and

7.      Notwithstanding the aforementioned dismissal with prejudice, retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Final Order and Final Judgment, any final order approving Attorneys' Fees and Expenses and incentive awards, and for any other necessary purpose.

D.      The Parties acknowledge that each intends to implement the terms of this Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events on the schedule set by the Court, and shall use reasonable efforts to implement all terms and conditions of this Agreement. If the Court does not preliminarily or finally approve this Agreement, the Parties further agree to continue to cooperate in good faith in an attempt to address any deficiencies raised by the Court in an expeditious manner.

E.      Subject to approval of the Court, the Parties will seek the deadlines listed below in connection with approval of the Settlement. If any deadline below falls on a weekend or federal holiday, then such deadline shall extend to the next court day. Subject to approval of the Court, the Parties agree that deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class.

| EVENT | DEADLINE |
| --- | --- |
| Motion for Preliminary Approval | Within 14 days after execution of the Settlement |
| CAFA Notice pursuant to 28 U.S.C. § 1715(b) | Within 10 days of filing of motion for preliminary approval |
| Notice Date | 45 days after Preliminary Approval Granted |
| Application for service award and Attorneys' Fees and Expenses | 45 days after Notice Date |
| Reminder Notice Date | 60 days after Notice Date |
| Objection and Opt-Out Deadline | 90 days after Notice Date |

| Claims Deadline | 90 days after Notice Date |
|---|---|
| Final Approval Motion and response to any objections | 28 days before Final Fairness Hearing |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date, and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 days before Final Fairness Hearing |
| Final Fairness Hearing | 120 days after Notice Date, or as soon thereafter as may be heard by the Court |
| Award Issuance Date Begins | 14 days after Effective Date |

## IV.     **THE SETTLEMENT BENEFIT**

A.     Subject to the rights and limitations in this Agreement, to be eligible to receive a cash payment under this Agreement, Class Members must participate either in the Spa Pump Recall or submit a valid proof of purchase of the Class Product with their Claim Form if they no longer have the Class Product in their possession and did not previously participate in the Spa Pump Recall.  Class members who still have their Class Product in their possession and have not participated in the Spa Pump Recall and wish to receive a cash payment under this Agreement must initially participate in the Spa Pump Recall process.

B.     The nature of the settlement benefit available to any Class Member depends on the remedy the Class Member selected in the Spa Pump Recall.

C.     Class Members who received a replacement pump in the Spa Pump Recall:

1.     All Class Members will receive a one-year extension to the Bestway Limited Warranty (https://bestwayusa.com/ourwarranties) for a

replacement pump received in the Spa Pump Recall, without need to submit a Claim Form. The value of the one-year extension to the Bestway Limited Warranty for all such Class Member who received a replacement pump in the Spa Pum Recall is estimated to be at least $8 million.

**D.**    Class Members who received a cash payment in the Spa Pump Recall:

1.    Eligible Class Members pursuant to Section IV(A) are eligible to receive a cash payment of up to $75.

2.    To be eligible for the cash payment, the Class Member must submit by the Claim Deadline a valid Claim Form, including proof of participation in the Spa Pump Recall, as further described on the Claim Form.

3.    There is a limit of one cash payment per household and one remedy per ISP address.

**E.**    Class Members who no longer have the Class Product in their possession:

1.    Class Members who no longer have the Class Product in their possession are eligible to receive a cash payment of up to $75.

2.    To be eligible for the cash payment, the Class Member must submit by the Claim Deadline a valid Claim Form, including proof of purchase of the Class Product, as further described on the Claim Form.

3.    There is a limit of one cash payment per household and one remedy per ISP address.

**F.**    Cash Payment Cap

1.    Subject to Section VI(C)(1) of this Settlement, the total value of the cash payments to the Class Members is capped at $2,000,000. The cash payment paid to each Class Member who submits a timely, valid Claim Form will be reduced on a pro rata basis if the total amount of valid claims for cash payments submitted to the Settlement Administrator plus plaintiff incentive awards exceeds $2,000,000.

G.    The Settlement Administrator will process claims of Class Members who seek a cash award pursuant to this Section IV.

1.    Class members who submit a valid Claim Form seeking a cash payment under Paragraph (IV)(D) or (IV)(E) shall be sent cash or epayment, or, as applicable, a letter explaining the rejection of their Claim Form, within forty-five (45) calendar days of the Effective Date (the "Award Issuance Date"). Defendant shall pay the Settlement Administrator the aggregate value of all cash payments to be distributed to Class Members no later than fifteen (15) calendar days before the Award Issuance Date. All cash awards to Class Members will be in the form of checks or epayment, and any payments made by checks will state that they must be redeemed within 120 calendar days of the Award Issuance Date or they will become void.

## V.    <u>NOTICE TO THE CLASS</u>

A.    The Parties shall jointly recommend Simpluris as the Settlement Administrator. Following the entry of the Preliminary Approval Order and the Court's appointment of the proposed Settlement Administrator, the Settlement Administrator shall disseminate the Class Notice as specified in the Preliminary Approval Order and in this Section, to comply with all applicable laws and requirements, including, but not limited to, the Due Process Clause of the United States Constitution. The Settlement Administrator shall develop a notice and claims administration program, subject to the approval of the Parties and the Court, designed to achieve at least 80% reach. Defendant shall pay all Settlement Administration Expenses. Following the dissemination of the Class Notice, the Settlement Administrator shall submit a declaration under the penalty of perjury attesting that the Class Notice has achieved at least 80% reach.

B.    <u>Direct Notice</u>: The notice program shall include direct notice to people who are Class Product purchasers whose email or home addresses are available to Defendant. Defendant shall provide all customer home and email addresses in its possession to the Settlement

Administrator and shall request that retailers who resold the products shall either provide email addresses for such customers to the Settlement Administrator or agree to provide email notice directly to such customers and to report to the Settlement Administrator on such direct notice. Direct Notice shall be provided to all class members via email for whom a valid email address is located.  Should only home addresses and no valid email addresses be available for Class Members, such Class Members shall be notified by mail.  The email notice shall include the Summary Notice and shall link to the Settlement Website and the Claim Form. Direct notice shall be sent to Class Members no later than the Notice Date.

     **C.**    <u>Online Advertising Notice:</u> The notice program shall also include an online advertising notice program to ensure at least 80% reach, when combined with direct notice. Any internet advertising that is part of the Class Notice program shall link to the Settlement Website.

     **D.**    <u>Reminder Notice:</u> 60 days after the Notice Date, the Settlement Administrator shall provide a reminder email notice to all Class Members for whom it has a valid email address and who, at that point, had not yet submitted a Claim Form, objection, or request to opt-out.

     **E.**    <u>Long Form Notice:</u> The Long Form Notice shall be published on the Settlement Website no later than the Notice Date. The Long Form Notice will conform to the following requirements:

          1.    <u>General Terms:</u> The Long Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Class, the identity of eligible Class Members, how the proposed Settlement would provide relief to Class Members, what claims are released under the proposed Settlement, and other relevant information.

          2.    <u>Opt Out Rights:</u> The Long Form Notice shall inform Class Members that they have the right to opt out of the Settlement. The Long Form Notice shall provide the deadlines and procedures for exercising this right.

    3.    <u>Objection to Settlement:</u> The Long Form Notice shall inform Class Members of their right to object to the proposed Settlement and appear at the Final Fairness Hearing. The Class Notice shall provide the deadlines and procedures for exercising these rights.

    4.    <u>Fees and Expenses:</u> The Long Form Notice shall inform Class Members about the amounts being sought by Class Counsel as Attorneys' Fees and Expenses and Plaintiffs' incentive awards.

**F.**    <u>Settlement Website:</u> No later than the Notice Date, the Settlement Administrator shall establish and cause to be published an Internet website (the "Settlement Website"). The Settlement Website will allow Class Members to submit Claim Forms online and will contain information relevant to Class Members, including but not limited to all applicable deadlines, the Agreement, Class Notice, a downloadable Claim Form, all papers filed by the Parties in support of this Agreement (including Plaintiffs' anticipated motion for Attorneys' Fees and Expenses), orders of the Court pertaining to this Agreement, and contact information for reaching the Settlement Administrator via a toll-free telephone number, e-mail and U.S. mail. The website shall be rendered inactive one hundred fifty (150) days after the Award Issuance Date. Settlement Administration Expenses include the costs associated with maintenance of the Settlement Website.

**G.**    <u>Toll-Free Telephone Number:</u> Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members, pursuant to the terms and conditions of this Agreement. Settlement Administration Expenses include the costs associated with maintenance of this toll-free telephone number. The Parties shall also create a protocol for the Settlement Administrator to refer

Class Member inquiries to Class Counsel. The toll-free telephone number shall be rendered inactive one hundred fifty (150) calendar days after the Award Issuance Date.

**H.**    Nothing contained herein shall limit Class Counsel's ability to disseminate notice by publishing a link to the Settlement Website on their firms' or attorneys' websites.

## VI.    ATTORNEY'S FEES AND EXPENSES AND CLASS REPRESENTATIVES' INCENTIVE AWARD

**A.**    All expenses incurred in administering this Settlement Agreement, including, without limitation, all attorneys' fees and costs, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, will be paid by Defendant. The Class Counsel fees and expenses, and Plaintiffs' incentive awards, if any, will be paid separate and apart from any relief provided to the Class, subject to Plaintiffs' incentive awards, if any, counting against the $2,000,000 Cash Cap.

**B.**    In recognition of the time and effort the representative Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Class Members by the Settlement, Class Counsel may ask the Court for the payment of incentive awards to Plaintiffs. Plaintiffs and Class Counsel will submit an application for an incentive award of $2,500.00 dollars to each Plaintiff. Any court-ordered incentive award will be paid to Plaintiffs by Defendant no later than fifteen (15) calendar days after the Effective Date.

**C.**    As part of the resolution of the Action, the Parties have agreed that Class Counsel may apply for an award of attorneys' fees, inclusive of costs and expenses, not to exceed $807,591.00. Class Counsel shall not seek payment of any amount for any fees, costs, and expenses in excess of $807,591.00 if awarded by the Court.

    1.    Should the Court order an award of attorneys' fees, costs, and expenses in a total amount less than $807,591.00, the difference between the amount awarded to Class Counsel and $807,591.00 shall be distributed pro rata to

each Class Member who has submitted a valid claim for a cash payment as stated in Section (IV).

**D.**     The Attorneys' Fees and Expenses ordered by the Court shall represent Class Counsel's sole compensation under the Settlement and shall be inclusive of all fees and costs of Class Counsel to be paid by Defendant. Any Attorneys' Fees and Expenses ordered to be paid to Class Counsel shall be paid by Defendant to Class Counsel no later than thirty (30) calendar days after the Effective Date.

**E.**     Payment of the attorneys' fees and service awards described above are subject to approval by the Court.

## VII.    <u>RELEASES AND DISMISSAL OF ACTION</u>

**A.**     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Plaintiffs and Class Members are not releasing any claims for personal injuries.

**B.**     In connection with the Released Claims, each Plaintiffs, but not absent Class Members, shall be deemed as of the Effective Date to have expressly, knowingly, and voluntarily waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule, and legal doctrine similar, comparable, or equivalent to Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

In connection with such waiver and relinquishment, the Plaintiffs hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Plaintiffs shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Plaintiffs expressly acknowledges that he/she/it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section. Plaintiffs are not releasing any claims for personal injuries. Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

C.    Upon the Effective Date, the Armstrong Action and the Harper Action shall each be dismissed with prejudice. Plaintiffs and Class Counsel shall have the responsibility for ensuring that each Action is dismissed with prejudice in accordance with the terms of this Agreement.

D.    The Court shall enter an order retaining jurisdiction over the Parties to this Agreement with respect to the future performance of the terms of this Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

E.    Upon the Effective Date: (a) the Agreement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating,

asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VIII.  <u>ADMINISTRATION OF THE SETTLEMENT</u>

A.      Defendant shall, subject to the approval of Class Counsel and the Court, retain Simpluris as the Settlement Administrator to help implement the terms of the Agreement. Subject to the terms and conditions of this Agreement, Defendant shall pay all costs associated with the Settlement Administrator, including costs of providing Class Notice and reviewing and processing claims.

B.      In fulfilling its responsibilities, the Settlement Administrator shall be responsible for, without limitation: (a) consulting on and designing the notice to be disseminated to Class Members; (b) arranging for the publication of the Summary Notice and dissemination of Class Notice; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise assisting with administration of the Settlement.

C.      The Settlement Administrator also shall be responsible for, without limitation, the dissemination of Class Notice and implementing the terms of the claim process and related administrative activities that include communications with Class Members concerning the Settlement, claim process, and their options thereunder. In particular, the Settlement Administrator shall be responsible for: (a) printing, e-mailing, mailing or otherwise arranging for the mailing of the Class Notice in response to Class Members' requests; (b) making any mailings required under the terms of this Agreement; (c) establishing the Settlement Website; (d) establishing a toll-free voice line to which Class Members may refer for information about the Action and the Settlement; (e) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (f) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (g) reviewing Claim Forms according to the review

protocols agreed to by the Parties and standards set forth in this Agreement; and (i) otherwise implementing and/or assisting with the claim review process and payment of the claims.

**D.**    The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall: (a) treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Agreement or by court order; and (b) receive Requests for Exclusion and provide to Class Counsel and Defense Counsel a copy thereof within three (3) business days of receipt. If the Settlement Administrator receives any Requests for Exclusion after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof and receive and maintain all correspondence from any Class Member regarding the Settlement.

**E.**    The Claim Form shall be available for downloading and may be completed and submitted online at the Settlement Website, and, at Class Counsel's option, the Claim Form will be available for downloading on Class Counsel's websites. The Claim Form may also be requested by calling the toll-free number provided by the Settlement Administrator or by writing to the Settlement Administrator.

**F.**    To be eligible for a cash payment, each Class Member must submit or postmark a Claim Form, on or before the Claim Deadline, containing his or her name, mailing address, e-mail address, and any required attestations, information, or documentation described in Section IV above. The Claim Form will be deemed to have been submitted when the Claim Form, including any necessary proof of participation in the Spa Pump Recall, is posted, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form. In

the case of online claims, the Claim Form shall be deemed to have been submitted when it is fully uploaded, including any necessary Proof of Purchase, to the Settlement Website.

G.      Any Class Member who, in accordance with the terms and conditions of this Agreement, neither seeks exclusion from the Class nor submits a valid and timely Claim Form, will not be entitled to receive any cash payment pursuant to this Agreement, but will be bound together with all Class Members by all of the terms of this Agreement, including the terms of the Final Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the Released Claims.

H.      The Settlement Administrator shall use adequate and customary procedures and standards to determine whether a Claim Form meets the requirements set forth in this Agreement and to prevent the payment of fraudulent claims and/or pay only valid and eligible claims. Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall, in connection with information provided by the Spa Pump Recall administrator identifying those Class Members who have participated in the Spa Pump Recall, determine the extent, if any, to which each claim shall be allowed. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all awards provided to Class Members.

I.      Claim Forms that do not meet the terms and conditions of this Agreement shall be promptly rejected by the Settlement Administrator. The Settlement Administrator shall have forty-five (45) calendar days from the Effective Date to exercise the right of rejection. The Settlement Administrator shall notify the Class Member using the contact information provided in the Claim Form of the rejection, including via electronic mail. Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Class Members, upon request. If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within fifteen (15) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the

claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim. If Class Counsel and Defense Counsel cannot agree on a resolution of a claimant's notice contesting the rejection, the disputed claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

**J.**     No person shall have any claim against Defendant, Defense Counsel, Plaintiffs, Plaintiffs' Counsel, the Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Agreement. This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Agreement.

**K.**     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

**L.**     Not later than ten (10) calendar days before the date of the Final Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator. The Settlement Administrator shall also attest that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court.

**M.**     The Settlement Administrator may retain one or more persons to assist in the completion of its responsibilities.

**N.**     The Settlement Administrator shall distribute benefits to eligible Class Members only after the Effective Date and pursuant to the deadlines set forth in this Agreement.

**O.**     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Agreement, except

for the costs and expenses of the Settlement Administrator, for which Plaintiffs and/or Plaintiffs' Counsel are not responsible.

**P.**     If the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Defendant, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced. No party shall unreasonably withhold consent to remove the Settlement Administrator. The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

**Q.**     The Settlement Administrator shall coordinate with Defense Counsel to provide notice as required by 28 U.S.C. § 1715, and the costs of such notice shall be considered Settlement Administration Expenses.

## IX.    <u>REQUESTS FOR EXCLUSION</u>

**A.**     Class Members may elect to opt out of the Settlement, relinquishing their rights to benefits hereunder. Class Members who opt out of the Settlement will not release their claims pursuant to this Agreement.

**B.**     Class Members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. Mail a Request for Exclusion postmarked no later than the Opt-Out Date. The Request for Exclusion must be a personally signed letter from the Class Member including (a) their full name; (b) current address; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; (d) their signature; and (e) the case name and case number of the Action. Class Members who fail to submit a valid Request for Exclusion on or

before the Opt Out Date shall be bound by all terms of this Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement.

**C.**    Any member of the Class who submits a timely Request for Exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Agreement. So-called "mass" or "class" opt outs shall not be allowed.

**D.**    The Settlement Administrator shall promptly provide copies of all Requests for Exclusion, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel. Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete list of Class Members requesting exclusion from the Settlement together with copies of the Requests for Exclusion.

## X.    **OBJECTIONS**

**A.**    Any Class Member who has not filed a timely written Request for Exclusion and who wishes to object to the fairness, adequacy, or reasonableness of this Settlement Agreement or the Settlement, or to the requested award of attorneys' fees and expenses, or Plaintiffs' service awards, must file with the Clerk of the Court a written notice of objection by the Objection Deadline.

**B.**    Members of the Class who fail to file, no later than the Objection Deadline, through the Court's Case Management/Electronic Case Files ("CM/ECF") system or through any other method in which the Court will accept objections, if any, and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel, written objections in the manner specified in this Agreement and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**C.**    Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to filing the written objection with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any)

no later than the Objection Deadline, provide a copy of the written objection by U.S. mail or e-mail to the Settlement Administrator with a copy by U.S. Mail or e-mail to Class Counsel and Defense Counsel (at the addresses set forth below) postmarked no later than the Objection Deadline.

> **D.** Any objecting Class Member must include with his/her/their/its objection:
>
> > 1. the objector's full name, address, and telephone number;
> >
> > 2. a statement, sworn to under penalty of perjury, attesting to the fact that (i) the objector purchased one or more of the Class Products during the Class Period, (ii) describing the model Class Product (i.e., AirJet or HydroJet Spa Pump) and model number, and (iii) the date and location of purchase and provide proof of purchase of the Class Product;
> >
> > 3. a written statement of all grounds for the objection accompanied by any legal support for such objection;
> >
> > 4. copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;
> >
> > 5. the name, address and telephone number of any counsel representing said objector; and
> >
> > 6. a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Class Member or his, her, their or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.
>
> **E.** Objections must be served on Class Counsel and Defense Counsel as follows:
>
> *Class Counsel at:*

Joel D. Smith
Aleksandr "Sasha" Litvinov
SMITH KRIVOSKEY, PC
867 Boylston Street, 5th Floor, Ste 1520
Boston, MA 02116
joel@skclassactions.com
sasha@skclassactions

*Defense Counsel at:*

Jeffrey Margulies
Eva Yang
Lauren Shoor
NORTON ROSE FULBRIGHT US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

**F.** Subject to the approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class representative service award. To appear, the objecting Class Member must, by the deadline set by the Court, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Class Member (or the objecting Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

## XI.    SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

**A.** For purposes of settlement only, the Parties agree to seek preliminary certification, pursuant to Federal Rules of Civil Procedure 23(b)(3), of a damages Class on a nationwide basis, including United States territories. The Parties further agree that the Court should make

preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit B) granting preliminary certification of the Class subject to final findings and ratification in the Final Order and Final Judgment, and appointing Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

      **B.**     Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action or otherwise admit that the litigation of any claims that have or could have been asserted in the Action on a class wide basis is appropriate under applicable laws and standards. Defendant's agreement to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative class members.

## XII.   <u>MODIFICATION OR TERMINATION OF THE SETTLEMENT</u>

      **A.**     The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Agreement.

      **B.**     Either Party may terminate this Agreement by providing written notice to the other Party and the Court within ten (10) days of the occurrence of the following: (a) The preliminary or final approval of this Agreement is not obtained without substantial modification, which modification the Parties did not agree to and which modification the terminating Party deems in good faith to be material (e.g., because it significantly increases the costs of the settlement or deprives the terminating party of an expressly stated benefit of the settlement); or The Final Order and Final Judgment is reversed, vacated, or modified in any material respect by another court,

except that it is expressly agreed by the Parties that any reduction of the Court's award of Attorneys' Fees and Expenses shall not be grounds to terminate this Agreement.

**C.**     If this Agreement is not approved by the Court or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Actions, including with regard to any agreements concerning tolling and similar agreements, and this entire Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Actions, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any purported class or Defendant's liability with respect to the claims that are, were, or could have been asserted in the Actions. In the event of such, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with it shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

**D.**     In the event of termination, the terminating Party shall cause the Settlement Administrator to post information regarding the termination on the Settlement Website.

## XIII.   **BEST EFFORTS**

**A.**     The Parties will work cooperatively to take all necessary actions to accomplish approval of the Settlement, the Class Notice, administration of claims, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Agreement and the Settlement embodied herein, carrying out the terms of this Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. In the event that the Court fails to approve the Settlement or fails to

issue the Final Order and Final Judgment, the Parties agree to use all reasonable efforts, consistent with this Agreement and subject to Section XI, to cure any defect identified by the Court.

      **B.**     Each party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

## XIV.   <u>MISCELLANEOUS PROVISIONS</u>

      **A.**     The Parties agree that the recitals are contractual in nature and form a material part of this Agreement.

      **B.**     This Agreement and its accompanying exhibits set forth the entire understanding of the Parties. No change or termination of this Agreement shall be effective unless in writing and signed by Plaintiffs' Counsel and Defense Counsel. No extrinsic evidence or parol evidence shall be used to interpret this Agreement.

      **C.**     Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Agreement, whether written or oral, are superseded and hereby revoked by this Agreement. The Parties expressly agree that the terms or conditions of this Agreement will control over any other written or oral agreements.

      **D.**     All of the Parties warrant and represent that they are agreeing to the terms of this Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

      **E.**     The waiver by any party of a breach of any term of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party. The failure of a party to insist

upon strict adherence to any provision of the Agreement shall not constitute a waiver or thereafter deprive such party of the right to insist upon strict adherence.

**F.**     The headings in this Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

**G.**     This Agreement may be executed by facsimile signature and in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. Signatures may be obtained electronically via DocuSign, AdobeSign or similar service. The date of execution shall be the latest date on which any party signs the Agreement.

**H.**     This Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. Plaintiffs, Plaintiffs' Counsel, Class Members, and Defendant shall not be deemed to be the drafter of this Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the contra proferentem canon of construction. Accordingly, this Agreement should not be construed in favor of or against one party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application. All Parties agree that counsel for the Parties drafted this Agreement during extensive arm's-length negotiations.

**I.**     Defendant represents and warrants that the individual(s) executing this Agreement is/are authorized to enter into this Agreement on behalf of that Defendant.

**J.**     Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending.

**K.**     The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

**L.**     In the event any one of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or

unenforceability shall not affect other provisions if Defense Counsel and Class Counsel, on behalf of the Parties, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement by their signatures.

By: _____     Date: _____
   DANIELLE HARPER

By: _____     Date: _____
   FRANCA ARMSTRONG

By: _____     Date: _____
   MANDY ISLAM

By: *Pat Fumagalli*_____     Date: 5/15/2025
   BESTWAY USA, INC.

APPROVED AS TO FORM AND CONTENT:

By: _____     Date: _____
Stuart J. Guber, Esq.
Paul J. Doolittle, Esq
POULIN | WILLEY
ANASTOPOULO, LLC
Attorneys for Plaintiff
DANIELLE HARPER

By: _____     Date: _____
Joel D. Smith
Aleksandr "Sasha Litvinov
SMITH KRIVOSHEY, PC
Attorneys for Plaintiffs

unenforceability shall not affect other provisions if Defense Counsel and Class Counsel, on behalf of the Parties, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement by their signatures.

By: _____          Date: 05/13/25
       DANIELLE HARPER          _____


By: _____          Date: _____
       FRANCA ARMSTRONG


By: _____          Date: _____
       MANDY ISLAM


By: _____          Date: _____
       BESTWAY USA, INC.


APPROVED AS TO FORM AND CONTENT:


By: _____          Date: 05/13/2025
Stuart J. Guber, Esq.          _____
Paul J. Doolittle, Esq
POULIN | WILLEY
ANASTOPOULO, LLC
Attorneys for Plaintiff
DANIELLE HARPER


By: _____          Date: _____
Joel D. Smith
Aleksandr "Sasha" Litvinov
SMITH KRIVOSHEY, PC
Attorneys for Plaintiffs

unenforceability shall not affect other provisions if Defense Counsel and Class Counsel, on behalf of the Parties, mutually elect to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement by their signatures.

By: _____     Date: _____
      DANIELLE HARPER

By: Franca Armstrong                     Date: 05/15/25
      FRANCA ARMSTRONG _____

By: Mandy islam                          Date: 05/13/25
      MANDY ISLAM _____

By: _____     Date: _____
      BESTWAY USA, INC.

APPROVED AS TO FORM AND CONTENT:

By: _____     Date: _____
Stuart J. Guber, Esq.
Paul J. Doolittle, Esq
POULIN | WILLEY
ANASTOPOULO, LLC
Attorneys for Plaintiff
DANIELLE HARPER

By: Joel Smith                           Date: 05/13/25
Joel D. Smith _____
Aleksandr "Sasha Litvinov
SMITH KRIVOSHEY, PC
Attorneys for Plaintiffs

FRANCA ARMSTRONG and MANDY
ISLAM

By: _____    Date: _____May 15, 2025_____
Jeffrey Margulies
Eva Yang
NORTON ROSE FULBRIGHT US LLP
Attorneys for Defendant
BESTWAY USA, INC.

FRANCA ARMSTRONG and MANDY
ISLAM


By: _____     Date: _____
Jeffrey Margulies
Eva Yang
NORTON ROSE FULBRIGHT US LLP
Attorneys for Defendant
BESTWAY USA, INC.

**Signature:** *Mandy Islam*
Mandy Islam (May 13, 2025 09:38 PDT)

**Email:** mandyislam@yahoo.com

**Signature:** *Franca Armstrong*
Franca Armstrong (May 15, 2025 09:53 EDT)

**Email:** francasteve@hotmail.com


**Signature:** *Joel Smith*

**Email:** joel@skclassactions.com

# EXHIBIT A



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franca Armstrong, Mandy Islam, and Danielle Harper, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br><br>Bestway (USA) Inc., an Arizona corporation,<br><br><br>Defendant. | Case No. 2:24-cv-02812-PHX-SHD<br><br>*[Assigned for all Purposes to Hon. Sharad H. Desai]*<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT**

The Court having held a Final Approval Hearing on _____, at

_____ p.m., at the United States District Court for the District of Arizona, United

States Courthouse, _____, Courtroom ___, _____, AZ _____, and

having considered all matters submitted to it at the Final Approval Hearing and

otherwise, and finding no just reason for delay in entry of this Final Approval Order and

Judgment and good cause appearing therefore, and having considered the papers filed and

proceedings held in connection with the Settlement, having considered all of the other

files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action and all

matters relating to the Settlement, as well as personal jurisdiction over all of the Parties

and each of the Settlement Class Members. Venue is proper in this Court.

2. This Final Approval Order and Judgment incorporates and makes a part

hereof: (a) the Settlement Agreement dated _____, including the definitions

in the Settlement Agreement and (b) the Notices attached as Exhibits thereto,

respectively, all of which were filed with the Court on _____, 2025. All terms used in

the Order have the same meanings as set forth in the Settlement Agreement, unless

otherwise defined herein.

3. Certification of the Settlement Class for Purposes of Settlement. Pursuant

to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for

purposes of effectuating the Settlement, this Action as a class action on behalf of a

Settlement Class defined as: all people who purchased a Class Product during the Class

Period. Excluded from the Class are: (a) Defendant and its employees, principals,

officers, directors, agents, affiliated entities, legal representatives, successors and assigns;

(b) the judges to whom the Actions have been or are assigned and any members of their

- 2 -

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

immediate families; and (c) all persons who have filed a timely Request for Exclusion from the Class (the "Settlement Class").

4. <u>Class Representatives</u>. Danielle Harper, Franca Armstrong, and Mandy Islam are hereby appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>. The law firms of Poulin Willey Anastopoulo, LLC and Smith Krivoshey, PC are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonable calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of incentive awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notices to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as

- 3 -

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

NORTON ROSE
FULBRIGHT US LLP

ATTORNEYS AT LAW

1    given, complied with 28 U.S.C. § 1715.

2        8.    <u>Objections.</u> [If Necessary] The Court has considered each of the objections

3    to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil

4    Procedure. The Court finds and concludes that each of the objections is without merit,

5    and they are hereby overruled.

6        9.    <u>Final Approval and Dismissal of Claims.</u> Pursuant to, and in accordance

7    with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally

8    approves the Settlement set forth in the Settlement Agreement in all respects (including,

9    without limitation: the consideration provided for in the Settlement; the Releases

10   provided for therein; and the dismissal with prejudice of the claims asserted against

11   Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable

12   and adequate to the Settlement Class. Plaintiffs faced risks on the merits of their claims,

13   and the value provided pursuant to the Settlement Agreement compares favorably to the

14   strength of Plaintiffs' claims on the merits, given those risks. Specifically, the Court finds

15   that, pursuant to Rule 23(e)(2), (A) Named Plaintiffs and Class Counsel have adequately

16   represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C)

17   the relief provided for the Settlement Class is fair, reasonable and adequate taking into

18   account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the

19   proposed method of distributing relief to the Settlement Class, including the method of

20   processing Settlement Class Member claims; (iii) the terms of the proposed award of

21   attorneys' fees and reimbursement of costs and other expenses, as well as the Service

22   Award to the Named Plaintiffs; and (iv) any agreement required to be identified under

23   Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative

24   to each other. The Parties are directed to implement, perform and consummate the

25   Settlement in accordance with the terms and provisions contained in the Settlement

26   Agreement.

27                                      - 4 -

28              [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

10. <u>Dismissal with Prejudice</u>. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendant, Named Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a Settlement benefit, or objected to the Settlement), as well as their respective successors and assigns.

12. <u>Opt Outs</u>. [If Necessary] The persons listed on Exhibit 1, attached hereto and incorporated by this reference, submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Final Approval Order and Judgment.

13. <u>Releases</u>. The Releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Final Approval Order and Judgment, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that Named Plaintiffs and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Final Approval Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order and Judgment.

14. <u>Future Prosecutions Barred</u>. The Named Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Claims against any of the Released Parties.

15. <u>No Admission of Liability</u>. The Settlement, this Final Approval Order and Judgment, and the fact of the Settlement do not constitute admissions or concessions by

- 5 -

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

Defendant of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation and enforcement of the Settlement; (b) the administration of this Settlement; and (c) the Settlement Class Members for all matters relating to the Action.

17. <u>Attorneys' Fees and Expenses</u>. Class Counsel are awarded attorneys' fees and costs in the amount of $_____. Such amounts shall be paid by Defendant pursuant to and consistent with the terms of the Settlement.

18. <u>Service Payments</u>. Named Plaintiffs are each awarded an incentive award in the amount of $_____ and such amounts shall be paid by Defendant pursuant to and consistent with the terms of the Settlement Agreement.

19. <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Named Plaintiffs, by and through Class Counsel, and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that:

- 6 -

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

(a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Named Plaintiffs, by and through Class Counsel, and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement Agreement.

20. Jurisdiction. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions pursuant to the Settlement; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement Agreement and the Settlement.

21. Termination of Settlement. If the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

22. Entry of Final Judgment. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rules of Civil Procedure 65(d)(1). There is no just reason to delay the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED:**


DATED: _____    _____
                                  The Honorable Sharad H. Desai
                                  UNITED STATES DISTRICT JUDGE

- 7 -

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

# EXHIBIT B

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

8
9
10

Franca Armstrong, Mandy Islam, and
Danielle Harper, individually and on behalf
of all others similarly situated,

Plaintiffs,

v.

Bestway (USA) Inc., an Arizona
corporation,

Defendant.

Case No. 2:24-cv-02812-PHX-SHD

*[Assigned for all Purposes to Hon.
Sharad H. Desai]*

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1    WHEREAS, pursuant to Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of

2    Civil Procedure, the parties seek entry of an order preliminarily approving the Settlement

3    of the Action pursuant to the settlement agreement fully executed on or about _____,

4    2025 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth

5    the terms and conditions for a proposed Settlement of the Actions and dismissal of the

6    Actions with prejudice; and

7    WHEREAS, the Court has read and considered the Settlement Agreement and its

8    exhibit and Plaintiffs' unopposed Motion for Preliminary Approval;

9    **IT IS HEREBY ORDERED** as follows:

10    1. <u>Defined Terms</u>. This Order incorporates by reference the definitions in the

11    Settlement Agreement, and all terms used in this Order shall have the same meanings as

12    set forth in the Settlement Agreement.

13    2. <u>Preliminary Approval of Settlement</u>.  The Court preliminarily approves the

14    Settlement Agreement, and its Settlement terms, as fair, reasonable and adequate under

15    Rule 23, subject to further consideration at the Final Fairness Hearing described below.

16    The Court also preliminarily finds that the Settlement Agreement has been reached as a

17    result of intensive, arm's-length negotiations of disputed claims, and that the proposed

18    Settlement is not the result of any collusion.

19    3. Class Definition: Pursuant to Rule 23 of the Federal Rules of Civil

20    Procedure, the Court preliminarily certifies, solely for purposes of effectuating the

21    Settlement Agreement, the following Settlement Class: all people who purchased a Class

22    Product during the Class Period. Excluded from the Class are: (a) Defendant and its

23    employees, principals, officers, directors, agents, affiliated entities, legal representatives,

24    successors and assigns; (b) the judges to whom the Actions have been or are assigned and

25    any members of their immediate families; and (c) all persons who have filed a timely

26    Request for Exclusion from the Class.

27

28

- 2 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1        4.  <u>Class Representatives and Class Counsel</u>: The Court preliminarily appoints

2  Poulin Willey Anastopoulo, LLC, Hoffman Legal, LLC, and Smith Krivoshey, PC as

3  Class Counsel for the Settlement Class. The Court preliminarily appoints Danielle

4  Harper, Franca Armstrong, and Mandy Islam as Settlement Class Representatives.

5        5.  <u>Preliminary Class Certification of Settlement Purposes Only</u>. The Court

6  preliminarily finds, solely for purposes of the Settlement, that the Rule 23 of the Federal

7  Rules of Civil Procedure criteria for certification of the Settlement Class exists in that:

8  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in

9  the Actions is impracticable; (b) there are questions of law and fact common to the

10  Settlement Class that predominate over any individual questions; (c) the claims of the

11  Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the

12  Settlement Class Representatives and Settlement Class Counsel have and will continue to

13  fairly and adequately represent and protect the interests of the Settlement Class; and (e) a

14  class action is superior to all other available methods for the fair and efficient

15  adjudication of the controversy.

16        6.  In addition, the Court finds that preliminary approval of the Settlement

17  Class is appropriate when balanced against the risks and delays of further litigation. It

18  appears that sufficient investigation, research, and discovery have been conducted such

19  that the attorneys for the parties are reasonably able to evaluate the benefits of

20  Settlement, which will avoid substantial additional costs to the parties and reduce delay

21  and risks associated with this action.

22        7.  <u>Class Notice</u>: The Court approves the form and content of the proposed

23  Long Form Notice and Summary Notice (Exhibits D and E to the Settlement Agreement)

24  and Claim Form (Exhibit C to the Settlement Agreement). The Court further finds that

25  the method of dissemination of the Settlement Class Notice, in the manner set forth in the

26  Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule

27

- 3 -

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Actions; the class certification for settlement purposes only; the terms of the Settlement and benefits afforded; the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so; the deadline, procedures, and requirements for submitting a Claim Form; Class Counsel's application for Fees and Expenses and service awards for the named Plaintiffs Settlement Class representatives; the time, place, and right to appear at the Final Fairness Hearing; and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

8. <u>Notice</u>. No later than the date specified in Paragraph 22 below, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

9. <u>Administration</u>. The Court appoints Simpluris as the Settlement Claim Administrator ("Claim Administrator"). The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice; implementing and maintaining the Settlement website; disseminating the Class Notice to the Settlement Class; the processing, review and determination of timely submitted and proper Claims Forms under the Settlement; and the submission of any declarations and other materials to counsel and the Court; as well as any other duties required under the settlement Agreement.

10. <u>Exclusion for the Class</u>. Any Class Member who wishes to be excluded

- 4 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter, including their (a) full name, (b) current address, (c) a clear statement communicating that they elect to be excluded from the Class and do not wish to be a Class Member, (d) their signature, and (e) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or group be excluded. "Mass" or "class" opt-outs are not permitted. Any such Request for Exclusion must be postmarked and sent to the Settlement Administrator no later than the date specified in Paragraph 22 below (the "Opt-Out Deadline"). The Settlement Administrator shall forward copies of any written requests for exclusion to Plaintiffs' Counsel and Defense Counsel.

11. If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written Request for Exclusion on or before the Opt-Out Deadline shall be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12. Objections: Any Class Member who has not filed a timely written Request for Exclusion may object to the fairness, adequacy, or reasonableness of this Settlement Agreement or the Settlement, or to the requested award of attorneys' fees and expenses, or Plaintiffs' service awards.

13. Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to filing the written objection with the Court through the Court's CM/ECF system (or any other method in which the Court

- 5 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

NORTON ROSE
FULBRIGHT US LLP

ATTORNEYS AT LAW

will accept filings, if any) no later than the Objection Deadline set forth in Paragraph 22 below, provide a copy of the written objection by U.S. mail or e-mail to the Settlement Administrator with a copy by U.S. Mail or e-mail to Plaintiff's Counsel and Defense Counsel (at the addresses set forth below) postmarked no later than the Objection Deadline.

14. Any objecting Class Member must include in his/her/their/its objection:

    a.  the objector's full name, address, and telephone number;

    b.  a statement, sworn to under penalty of perjury, attesting to the fact that (i) the objector purchased one or more of the Class Products during the Class Period, (ii) describing the model Class Product (i.e., AirJet or HydroJet Spa Pump) and model number, and (iii) the date and location of purchase and provide proof of purchase of the Class Product;

    c.  proof of purchase of a Class Product, such as through a photograph of the Class Product or, if you no longer have the Class Product, a receipt or email confirmation of the purchase;

    d.  a written statement of all grounds for the objection accompanied by any legal support for such objection;

    e.  copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

    f.  the name, address and telephone number of any counsel representing said objector; and

    g.  a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket

- 6 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1          number. If the Class Member or his, her, their or its counsel has not

2          objected to any other class action settlement in the United States in

3          the previous five (5) years, he/she/they/it shall affirmatively so state

4          in the objection.

5      15. Objections must be served on Class Counsel and Defense Counsel as

6          follows:

7  *Class Counsel at*:

8          Stuart J. Guber, Esq.
            Paul J. Doolittle, Esq

9          POULIN | WILLEY
            ANASTOPOULO, LLC

10         32 Ann Street
            Charleston, SC 29403

11         stuart.guber@poulinwilley.com

12         paul.doolittle@poulinwilley.com

13         Joel D. Smith

14         Yeremey Krivoshey
            Aleksandr "Sasha" Litvinov

15         SMITH KRIVOSHEY, PC
            867 Boylston Street, 5th Floor, Ste 1520

16         Boston, MA 02116

17         joel@skclassactions.com
            yeremey@skclassactions.com

18         sasha@skclassactions.com

19  *Defense Counsel at:*

20         Jeffrey Margulies
            Eva Yang

21         NORTON ROSE FULBRIGHT US LLP

22         555 S. Flower Street, 41st Floor
            Los Angeles, CA 90071

23         jeff.margulies@nortonrosefulbright.com
            eva.yang@nortonrosefulbright.com

24

25      16. Any objecting Class Member may appear, in person or by counsel, at the

26  Final Fairness Hearing to explain why the proposed Settlement should not be approved as

28    [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

NORTON ROSE
FULBRIGHT US LLP

ATTORNEYS AT LAW

296544824.5

1    fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and

2    Expenses or Class representative service award. To appear, the objecting Class Member

3    must file with the Clerk of the Court and serve upon all counsel designated in the Class

4    Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of

5    Intention to Appear must include copies of any papers, exhibits or other evidence and the

6    identity of witnesses that the objecting Class Member (or the objecting Class Member's

7    counsel) intends to present to the Court in connection with the Final Fairness Hearing.

8    Any Class Member who does not provide a Notice of Intention to Appear in accordance

9    with the deadline and other requirements set forth in this Settlement Agreement and Class

10    Notice shall be deemed to have waived any right to appear, in person or by counsel, at the

11    Final Fairness Hearing.

12          17. Any Settlement Class Member who has not properly filed a timely

13    objection in accordance with the deadline and requirements set forth in this Order and

14    Class Notice shall be deemed to have waived any objections to the Settlement and any

15    adjudication or review of the Settlement Agreement by appeal or otherwise.

16          18. <u>Preliminary Injunction</u>. All Class Members and/or their representatives who

17    do not timely and properly exclude themselves from the Class are barred and enjoined

18    from directly, indirectly, derivatively, in a representative capacity, or in any other

19    capacity filing, commencing, prosecuting, maintaining, intervening in, participating in,

20    conducting, or continuing any action in any forum (state or federal) as individuals, class

21    members, putative class members, or otherwise against the Released Parties (as defined

22    in the Agreement) in any court or tribunal asserting any of the Released Claims (as

23    defined in the Agreement), and/or from receiving any benefits from any lawsuit,

24    administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based

25    on, or relating to the Released Claims. In addition, all such persons are hereby barred and

26    enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against

27                                                    - 8 -

28    [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

19. <u>Termination of Settlement</u>. In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

c. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

- 9 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

d.   Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Actions as class actions;

e.   Nothing in this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendant that the Actions meet the requisites for certification as a class action under federal law; and

f.   All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in full force and effect.

20. Alteration of Exhibits. Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, Claim Form, and other exhibits that they jointly agree are reasonable or necessary.

21. Retaining Jurisdiction. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

22. Settlement Deadlines. Based on the foregoing, the Court sets the schedule below for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the

- 10 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement | Date Ordered by Court |
|---|---|---|
| Notice shall be provided in accordance with the Notice Plan and this Order | 45 days after Preliminary Approval Granted | |
| Class Counsels' application for Attorneys' Fees and Expenses and service awards for Plaintiffs-Settlement Class Representatives and | 45 days after Notice Date | |
| Reminder Notice shall be provided in accordance with the Notice Plan in this Order | 60 days after Notice Date | |
| Objections to the Settlement, Class Counsels' Fee and Expense Application, and/or the request for service awards ("Objection Deadline") | 90 days after Notice Date | |
| Requests for Exclusion from the Settlement ("Opt-Out Date") | 90 days after Notice Date | |
| Deadline for Class Members to submit Claim Forms ("Claims Deadline") | 90 days after Notice Date | |
| Plaintiffs' Motion for Final Approval of the Settlement and response to any objections | 28 days before Final Fairness Hearing | |
| Deadline to submit notices of appearance at the Final Fairness Hearing | 28 days before Final Fairness Hearing | |
| Deadline for Claims Administrator to submit declaration (1) stating the number of claims, requests for exclusion, and objections | 10 days before Final Fairness Hearing | |

- 11 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

NORTON ROSE
FULBRIGHT US LLP

ATTORNEYS AT LAW

296544824.5

| | | |
|---|---|---|
| to date, and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | | |
| Final Fairness Hearing will be held at Courtroom __, [INSERT ADDRESS] or by video conference as determined by the Court. | 120 days after Notice Date, or as soon thereafter as may be heard by the Court | Date:<br><br>Time: |
| Award Issuance Date | Begins 14 days after Effective Date | |

DATED: _____    _____
                                    The Honorable Sharad H. Desai
                                    UNITED STATES DISTRICT JUDGE

- 12 -

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

NORTON ROSE
FULBRIGHT US LLP

ATTORNEYS AT LAW

296544824.5

# EXHIBIT C

**Armstrong et al. v. Bestway (USA) Inc.**
In the United States District Court of the District of Arizona
Case No. 2:24-cv-02812-DMF

**Settlement Claim Form**

---

**If you are a Class Member and wish to receive a cash payment, your completed Claim Form must be submitted online at www._____.com on or before _____.**

---

Please read the full notice of this Settlement (available at www._____.com) carefully before filling out this Claim Form.

**Potential Cash Award:** To be eligible to receive a cash payment up to $75, you must have purchased a Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572 from May 2021 through May 2024, and satisfy the following requirements:

- If you still have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, but you have not yet participated in the Spa Pump Recall, before you submit your claim form online, you must first participate in the recall by visiting https://bestwayusa.com/recall-and-safety. Once you participate in the recall, proceed with filling out the claim form.

- If you already participated in the Spa Pump Recall and elected to receive a refund of money as your remedy in the Spa Pump Recall, proceed with filling out the claim form.

- If you no longer have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession (even if you did not participate in the Spa Pump Recall), proceed with filling out the claim form. You must provide proof of purchase for your claim to be validated.

Cash awards are limited to one per household and one per ISP address.f

Cash awards will be sent in the form of a check or electronic payment.

---

**PART ONE: CLAIMANT INFORMATION**

---

Provide your name, contact information, and claim number from the Spa Pump Recall below. It is your responsibility to notify the Claims Administrator of any changes to your contact information after the submission of your Claim Form.

| | |
|---|---|
| FIRST NAME | LAST NAME |

| |
|---|
| STREET ADDRESS |

QUESTIONS? VISIT WWW._____.COM OR CALL [NUMBER] TOLL-FREE
296654286.5

| | | |
|---|---|---|
| CITY | STATE | ZIP CODE |

| |
|---|
| EMAIL ADDRESS |

## PART TWO: SPA PUMP RECALL INFORMATION

If you still have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, provide your claim number provided to you as part of the Spa Pump Recall.
*If you do not know your claim number from the Spa Pump Recall, please contact Sedgwick Claims Management Services at _____.*

SPA PUMP RECALL CLAIM NUMBER:

| |
|---|
| |

## PART THREE: PROOF OF PURCHASE

If you no longer have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, to qualify for a cash award you must provide your proof of purchase of the Class Product, such as by providing photographs of the Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump, or by providing a confirmation email showing the purchase of one of the affected products.  Photographs of the products and emails showing proof of purchase can be uploaded here: [Upload Link].

## PART FOUR: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that (1) I purchased the Class Product listed above between May 2021 and May 2024, (2) I have already participated in the Spa Pump Recall conducted in cooperation with the Consumer Product Safety Commission, and (3) all of the information on this Claim Form is true and correct to the best of my knowledge.

I understand that my Claim Form may be subject to audit, verification, and Court review.

| | |
|---|---|
| SIGNATURE | DATE |

## CLAIM FORM REMINDER CHECKLIST

**Before submitting this Claim Form, please make sure you:**

1.  Complete all fields in this Claimant Information section in Party One of this Claim Form; AND

2.  Provide your Spa Pump Recall claim number for the Class Product you purchased between May 2021 and May 2024; OR

3.  Provide your proof of purchase for the Class Product you purchased between May 2021 and May 2024; AND

4.  Sign the Attestation under penalty of perjury in Part Three of this Claim Form. You must sign the Attestation in order to be eligible to receive settlement benefits.

**Please keep a copy of this Claim Form for your records.**

# EXHIBIT D

United States District Court of the District of Arizona

# If you purchased a Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572, you may be entitled to a payment of up to $75 from a class action settlement.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*
*You are not being sued. Please do not contact the Court.*
*Your legal rights are affected whether you act or don't act.*
*Read this notice carefully.*

**Overview**

- Bestway customers claimed that certain Bestway spa pumps sold between May 2021 and May 2024 were defective and were subject to a recall conducted in cooperation with the Consumer Product Safety Commission ("CPSC"). Bestway denies that it did anything wrong. The customers and Bestway have reached a proposed settlement to resolve the lawsuit on a class action basis, as described below.

- If you purchased a Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572 between May 2021 and May 2024, you may be eligible for a payment from the settlement.

- **IMPORTANT: You must file a claim by ____ to get a payment from the settlement. Click <u>here</u> to file a claim. (Read below or see Questions 8-10 for details).  To the extent you still have one of the affected products, you must first participate in the CPSC recall to receive benefits due under the Settlement.  Click here [link to recall registration page] to participate in the recall, and then return to the fill out a Settlement claim form <u>here</u>.** The claim form is available at <u>www._____.com</u>.  The CPSC recall registration page can be found at https://narecall.expertinquiry.com/

- Questions? Read below or visit <u>www._____.com</u> or call [TOLL-FREE-NUMBER] for more information.

| <u>Your Legal Rights and Options in this Lawsuit</u> | |
|---|---|
| Your legal rights are affected, and you have a choice to make. Your options are explained here. | |
| **File a claim** | File a claim by DATE to request a payment. See Questions 8-10 for details. |
| **Do nothing** | Receive no payment and give up the right to sue Bestway for the issues in this lawsuit. |
| **Opt out, receive no payment, and retain your right to sue** | To opt out, you must mail a signed, written request for exclusion by DATE. See Question 14 for details. |

| Object or comment on the settlement | Object or comment on the settlement by DATE. If you object or comment, you can still file a claim and receive a payment. See Question 15 for details. |
| --- | --- |

## Information about the Lawsuit and Class

**1.   What is this lawsuit about?**

The lawsuit concerns customers in the United States who purchased Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572  from May 2021 through May 2024 (the "Class Period").

Plaintiffs allege Bestway sold defective spa pumps that could cause fires. Danielle Harper, Franca Armstrong, and Mandy Islam are the plaintiffs in the filed class action lawsuits against Bestway. The operative complaint in the case is available at www._____.com. In August, 2024, Bestway recalled the spa pumps in cooperation with the United States Consumer Product Commission and provided customers with replacement pumps or cash payments. Plaintiffs claim that this remedy was insufficient. Bestway denies that it did anything wrong.

Plaintiffs and Bestway have now agreed to a settlement to resolve this lawsuit, as described below. The Court has not decided whether Plaintiffs or Bestway are correct. By agreeing to the settlement, neither Bestway nor Plaintiffs make any admissions regarding the merits of the allegations, claims, or defenses in the cases.

The United States District Court for the District of Arizona is overseeing this lawsuit. The lawsuit is known as *Armstrong et al. v. Bestway (USA) Inc.*, Case No. 2:24-cv-02812-DMF.

**2.   What is a class action?**

In a class action, one or more people sue on behalf of themselves and other people with similar claims. All of these people together make up the Settlement Class and are Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**3.   Who is in the Settlement Class?**

The "Settlement Class" in this case is defined as:

All persons in the United States (including its states, districts or territories) who purchased a Class Product during the Class Period. The Class Products are Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572 and "Bestway." The Class Period is May 2021 through May 2024.  Excluded from the Settlement Class are any Judge presiding over the Actions, any members of their families, and Bestway and affiliated entities and their respective officers and directors.

If you received a notice of this settlement by email or mail, Bestway's or its retail customer's records indicate that you are in the Settlement Class. However, you are a class member if you fit within the Settlement Class regardless of whether you received notice by mail and/or email.

People in the Settlement Class are called "Settlement Class Members."

## Information about the Settlement and about Filing a Claim for a Payment

**4.  What are the terms of the proposed settlement?**

The complete terms of the proposed settlement are set forth in the Settlement Agreement, which is available at www._____.com. This notice provides only a summary of the terms of the settlement. The settlement benefits and other terms are summarized below.

**5.  What are the benefits of the proposed settlement?**

If the settlement is approved and becomes final, Bestway will (1) provide one-year extension to the Bestway Limited Warranty (https://bestwayusa.com/ourwarranties) to Settlement Class Members who received a replacement pump received in the Spa Pump Recall, as described at Question 7 below; (2) make cash payments of up to $75 to Settlement Class Members, as described at Questions 8-12 below; (5) pay the costs of distributing notice and settlement payment checks to Settlement Class Members and other costs of administering the settlement; and (4) pay court-awarded attorneys' fees and expenses of the attorneys appointed by the Court to represent the Class ("Settlement Class Counsel") and any incentive awards granted the Plaintiffs. To receive a benefit under the settlement, Class Members must participate in the Spa Pump Recall, unless they are no longer in possession of a Class Product.

**6.  How do I participate in the Spa Pump Recall?**

If you have not participated in the Spa Pump Recall and you still have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, you must participate in the recall by visiting https://bestwayusa.com/recall-and-safety. If you have questions about the Spa Pump Recall, please contact Sedgwick Claims Management Services at _____.

**7.  How do I receive an extension to my warranty?**

All Settlement Class Members who received a replacement pump in the Spa Pump Recall will automatically receive a one-year extension to the Bestway Limited Warranty (https://bestwayusa.com/ourwarranties) for their replacement pump. The value of these extended warranties is estimated to be more than $8 million. There is no need to file a claim for this benefit.

**8.  Who is eligible to receive a cash payment?**

All Settlement Class Members who received a cash payment in the Spa Pump Recall and submit a valid claim by _____ are eligible to receive an additional cash payment of up to $75. If you no longer have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, to be eligible to receive a cash payment of up to $75, you must submit a valid proof of purchase with your Claim Form.

**9.  How do I get a cash payment?**

You must file a claim by _____ to receive a payment. Click here to file a claim. If you have not yet participated in the Spa Pump Recall but still have a Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, you must first participate in the recall by visiting https://bestwayusa.com/recall-and-safety

**10. How do I file a claim for a payment?**

To file a claim, click here or visit www._____com.

**The deadline to file a claim online is ___**. The Settlement Administrator will review all claims and determine eligibility.

**11. How much will the payment be?**

All Settlement Class Members who received a cash payment in the Spa Pump Recall and submit a valid claim by _____ are eligible to receive an additional cash payment of up to $75. All Settlement Class Members who no longer have their Bestway AirJet Spa Pump or Bestway Hydrojet Spa Pump in their possession but submit a valid claim along with valid proof of purchase by ___ are eligible to receive a cash payment of up to $75. The total value of the cash payments to the Settlement Class Members is capped at $2,000,000. The cash payment paid to each Class Member who submits a timely, valid Claim Form will be reduced on a pro rata basis if the total amount of valid claims for additional cash payments submitted to the Settlement Administrator plus incentive awards to the Plaintiffs exceeds $2,000,000.

For more information, read the Settlement Agreement, which is available at www._____.com.

**12. How and when will payments be sent?**

Settlement payments will be issued to eligible Settlement Class Members by mailed check or electronic payment after the settlement is approved and becomes final.

# Your Other Rights and Options

**13. What happens if I do nothing?**

By doing nothing, you are staying in the Settlement Class but you will not receive any payment. If you received a replacement pump in the Spa Pump Recall, you will automatically receive a one-year extension to the Bestway Limited Warranty (https://bestwayusa.com/ourwarranties) for your replacement pump. You also will give up the right to sue Bestway about the issues in this lawsuit. You will also be legally bound by all of the orders that the Court issues and judgments that the Court makes in this class action.

**14. How do I exclude myself (opt out) from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a written request for exclusion to _____.

To be effective, your request for exclusion must be postmarked by no later than _____, and must include the following information:

1. your full name and current mailing address;
2. a clear statement that you wish to be excluded from the Settlement Class and do not wish to be a Class Member;
3. the name of this lawsuit: *Armstrong et al. v. Bestway (USA) Inc.*, Case No. 2:24-cv-02812-DMF; and
4. your signature or the signature of an individual authorized to act on your behalf.

Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group.

**15.  How do I object or comment?**

If you are a Settlement Class Member, and have not excluded yourself from the Settlement Class, you can comment on or object to the settlement, Settlement Class Counsels' request for attorneys' fees and litigation expenses, and/or the request for incentive awards to the Plaintiffs who brought this lawsuit. To object or comment, you must send to counsel (as specified below) and file with the Court a written objection/comment including the following:

1. your full name and current mailing address;
2. the name of this lawsuit: *Armstrong et al. v. Bestway (USA) Inc.*, Case No. 2:24-cv-02812-DMF;
3. a statement, sworn under penalty of perjury, attesting to the fact that (i) you purchased one or more of the Class Products during the Class Period, (ii) describing the model Class Product (i.e., Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump), and (iii) the date and location of purchase;
4. proof of purchase of a Class Product, such as through a photograph of the Class Product or, if you no longer have the Class Product, a receipt or email confirmation of the purchase;
5. a written statement of all grounds for the objection accompanied by any legal support for such objection;
6. copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;
7. the name, address, bar number, and telephone number of your attorney, if you are represented by an attorney;
8. a list of all other objections submitted by you or your attorney to any class action settlements submitted in any court of the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If you or your attorney have not objected to any other class action settlements in the United States in the previous five (5) years, you shall affirmatively so state in the objection.

To be considered by the Court, your comment or objection must be filed with the Court through the Court's CM/ECF system (or any other method in which the Court accepts filings, if any), no later than _____. You must also serve on Class Counsel and Defense Counsel as follows:

*Class Counsel at*:

Stuart J. Guber, Esq.
Paul J. Doolittle, Esq
POULIN | WILLEY
ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403
stuart.guber@poulinwilley.com
paul.doolittle@poulinwilley.com

Joel D. Smith
Yeremey Krivoshey
Aleksandr "Sasha" Litvinov

QUESTIONS? VISIT WWW._____.COM OR CALL [TOLL] FREE-NUMBER

SMITH KRIVOSHEY, PC
867 Boylston Street, 5th Floor, Ste 1520
Boston, MA 02116
joel@skclassactions.com
yeremey@skclassactions.com
sasha@skclassactions.com

*Defense Counsel at:*

Jeffrey Margulies
Eva Yang
NORTON ROSE FULBRIGHT US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

Note that you can ask the Court to deny approval of the settlement by filing an objection, but you cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

If you object and wish to appear at the final approval hearing, you must file with the Clerk of the Court and serve upon all counsel designated above, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that you (or your counsel) intend to present to the Court in connection with the Final Fairness Hearing.

**16.  What claims will be released by this Settlement?**

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the Settlement is approved and becomes final, the Settlement will be legally binding on you and you will be bound by all judgments entered in the case. In exchange for the settlement benefits, you will release all claims against Bestway and its affiliates listed in the Settlement Agreement concerning the Class Products. The Settlement Agreement, available at www._____.com, describes the claims you are releasing (giving up) by staying in the Settlement Class.  This Settlement Agreement expressly exempts claims for personal injuries and property damage (other than damage to the Class Product), which are not being released.

**17.  Do I have a lawyer in this class action?**

Yes. The Court has appointed the following attorneys and law firms to represent the Settlement Class Members. Together, these lawyers are called "Settlement Class Counsel."

Joel D. Smith
Yeremey Krivoshey
Aleksandr "Sasha" Litvinov
SMITH KRIVOSHEY, PC
867 Boylston Street, 5th Floor, Ste 1520
Boston, MA 02116
joel@skclassactions.com

QUESTIONS? VISIT WWW._____.COM OR CALL [TOLL] FREE-NUMBER

yeremey@skclassactions.com
sasha@skclassactions.com

Paul J. Doolittle, Esq
POULIN | WILLEY
ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403
paul.doolittle@poulinwilley.com

You do not have to pay the Settlement Class Counsel for their time or expenses incurred in this case out of your pocket. Instead, Settlement Class Counsel will petition the Court for an award of their fees and expenses, which will be paid by Bestway (see Question 18).

The Court has also appointed Plaintiffs Danielle Harper, Franca Armstrong, and Mandy Islam as class representatives to represent the Settlement Class.

**18.  How will the lawyers be paid?**

Settlement Class Counsel will file a motion on or before _____ asking the Court to award them attorneys' fees and reimbursement of litigation expenses up to $807,591.00. The attorneys' fees and expenses awarded by the Court will be the only payment to Settlement Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation on a wholly contingent basis. In addition, Settlement Class Counsel will ask the Court on or before _____ to award each of the Plaintiffs representing the Settlement Class a service award of $2,500 to compensate them for their efforts and commitment on behalf of the Settlement Class in this lawsuit.

The Court will determine the amount of attorneys' fees, expenses, and incentive awards to award. Settlement Class Counsel's application for attorneys' fees, expenses, and incentive awards will be available at www._____.com when it is filed. Any unawarded attorney's fees, expenses, or incentive awards will be distributed pro rata to each Settlement Class Member who submits a valid claim for a cash payment.

**19.  Should I hire my own lawyer for this case?**

You do not need to hire your own lawyer because Settlement Class Counsel represents you and the other members of the Settlement Class already. However, you have the right to hire your own lawyer. If you want your own lawyer separate from Settlement Class Counsel, you will have to pay for that lawyer.

# The Court's Final Approval Hearing

**20.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a final approval hearing at __:__ .m. on _____, in the United States District Court of the District of Arizona, Sandra Day O'Connor U.S. Courthouse, Courtroom 501, 401 West Washington Street, Phoenix, Arizona, 85003. The hearing may be moved to a different time without additional notice and/or may be held remotely or telephonically. Please check www._____.com for updates or changes.

QUESTIONS? VISIT WWW._____.COM OR CALL [TOLL] FREE-NUMBER

At the final approval hearing, the Court will consider whether the settlement should be approved as fair, reasonable, and adequate. The Court will also consider Settlement Class Counsel's application for attorneys' fees, expenses, and service awards to the Plaintiffs. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do now know how long these decisions will take.

**21. Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. So long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Fairness Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## Getting More Information

**23. Where can I get more information?**

More information can be found at www._____.com. That website includes important case deadlines, links to case documents including the full Settlement Agreement and the complaint in this lawsuit, and other information about the lawsuit and the settlement. You can also get more information by calling [TOLL-FREE NUMBER], or by contacting Settlement Class Counsel at _____.

You can also get additional information about the lawsuit by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov., or by visiting the office of the Clerk of the Court for the United States District Court for the Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona, 85003, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

# EXHIBIT E

**Legal Notice**

**IF YOU PURCHASED A BESTWAY AIRJET SPA PUMP OR BESTWAY HYDROJET SPA PUMP WITH MODEL NUMBERS P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, OR P07572, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.**

A settlement has been proposed in a class action lawsuit alleging that certain models of Bestway spa pumps sold between May 2021 and May 2024 were defective. The settlement will provide either (1) a one-year extension to the Bestway Limited Warranty for replacement pumps received in the Spa Pump Recall or (2) additional cash payments of up to $75 to customers who bought Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump with pump numbers referenced above. The United States District Court for the Central District of Arizona authorized this notice. Before any benefits are paid, the Court will have a hearing to decide whether to approve the settlement. To receive more information about the settlement, you can get a detailed notice and other information, including details on how to object and/or exclude yourself from
the settlement, by visiting www.____.com, calling [NUMBER], and writing to [ADDRESS].

## WHO IS INCLUDED IN THE PROPOSED SETTLEMENT?

All people in the United States who purchased a Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump (model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, or P07572) between May 2021 and May 2024 and who have already participated in Bestway's recall of these spa pumps conducted in cooperation with the Consumer Product Safety Commission, or who long longer have their Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in their possession and submit a valid proof of purchase along with their claim.

## WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

The settlement provides warranty extensions or cash payments to resolve the lawsuit. If approved by the Court the settlement will provide (1) a one-year extension to the Bestway Limited Warranty to Class Members for a replacement pump received in the Spa Pump Recall, with an estimated value of more than $8 million, or (2) cash payments of up to $75 to Class Members who submit a valid Claim form on or before ____, and (3) Settlement Administration Expenses, (4) an Incentive Award to Class Representative, and (5) Attorneys' Fees and Expenses.

Class Members who received a cash payment in the Spa Pump Recall and submit a valid claim by ____ are eligible to receive an additional cash payment of up to $75. Class Members who longer have their Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in their possession but submit a valid proof of purchase and a valid claim by ____ are eligible to receive a cash payment of up to $75. Limit one cash payment for household or ISP address. **TO SUBMIT A CLAIM FORM, GO TO WWW._____.COM.**

Class Members who received a replacement pump in the Spa Pump Recall will receive a one-year extension to the Bestway Limited Warranty for their replacement pumps without the need to submit a Claim Form.

## HOW DO I PARTICIPATE IN THE SPA PUMP RECALL?

If you have not participated in the Spa Pump Recall and you still have your Bestway AirJet Spa Pump or Bestway HydroJet Spa Pump in your possession, you must participate in the recall by visiting https://bestwayusa.com/recall-and-safety. If you have questions about the Spa Pump Recall, please contact Sedgwick Claims Management Services at _____. Once you have participated in the recall, you must submit a claim form to receive the additional cash payment in the Settlement by going to www._____.com.

## WHO REPRESENTS YOU?

The Court appointed the law firms of Smith Krivoshey, PC and Poulin Willey Anastopoulo, LLC to represent you as Class Counsel.

## WHAT ARE YOUR OPTIONS?

If you are a Class Member, you may (1) do nothing; (2) exclude yourself; (3) send in a Claim Form; (4) object to the settlement; and/or (5) go to a hearing about the fairness of the settlement.

QUESTIONS? VISIT WWW._____.COM OR CALL [TOLL] FREE-NUMBER
296732557.6

**Legal Notice**

**IF YOU PURCHASED A BESTWAY AIRJET SPA PUMP OR BESTWAY HYDROJET SPA PUMP WITH MODEL NUMBERS P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, OR P07572, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**If you do not want to be legally bound by the settlement, you must exclude yourself by letter postmarked by _____.** The detailed "Long Form" notice available at www._____.com explains how to exclude yourself or object. You may also call [TOLL] FREE-NUMBER for details.

The Court will hold a hearing in this case on DATE at TIME in the United States District Court of the District of Arizona, Sandra Day O'Connor U.S. Courthouse, Courtroom 501, 401 West Washington Street, Phoenix, Arizona, 85003. At this hearing, the Court will consider whether to approve the settlement and whether to approve Class Counsel's application for attorneys' fees, expenses, and incentive awards.

You may appear at the hearing, but you do not have to. You do not need to retain an attorney to appear at the hearing, but you have the right to do so.